### In the Matter of Richard D. DARBY, Jr.

### No. 98S00–0309–DI–417.

Supreme Court of Indiana.

Jan. 14, 2004.

### *ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on September 19, 2003, advising that the respondent, Richard D. Darby, Jr., was disciplined by the Supreme Court of Illinois and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On October 10, 2003, this Court issued an *Order to Show Cause*, to which the respondent has not responded. This case is now before us for final resolution.

We now find that the respondent was admitted to practice law in Indiana in 1972 and Illinois in 1986. The respondent faced five counts of misconduct in the State of Illinois. On October 19, 1994, the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission issued its report and recommendation, finding that the respondent had neglected a client's case and engaged in conduct that was deceitful, fraudulent and dishonest. The respondent's misconduct included neglecting a client's case and misleading the client about handling the case, failure to file a state tax return, and filing false and misleading pleadings and giving false testimony in his personal bankruptcy. The Board also found that the respondent failed meaningfully to participate in the disciplinary proceeding brought against him. The Board recommended that the respondent be disbarred. On January 30, 1995, the Illinois Supreme Court ordered that the respondent be disbarred. *In re Richard D. Darby, Jr.*, No. 93 CH 623. Pursuant to Illinois rule, an order of disbarment precludes a lawyer from seeking reinstatement for 5 years. Illinois Supreme Court Rule 767.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:
   (c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
   (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
   (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could

failed to demonstrate why identical reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, Richard D. Darby, Jr., is hereby suspended from the practice of law in this state. The respondent shall not be eligible to petition for reinstatement in this state pursuant to Admis.Disc.R. 23(4) until reinstated to the practice of law in Illinois or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Illinois, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.

not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.